FORD MOTOR COMPANY v DEPARTMENT OF TREASURY

Docket No. 283925. Submitted June 10, 2009, at Lansing. Decided May
   20, 2010, at 9:05 a.m.
   Ford Motor Company brought an action in the Court of Claims
   against the Department of Treasury, seeking a refund of single
   business tax and interest that plaintiff paid under protest. Plain-
   tiff had established a voluntary employees' beneficiary association
   (VEBA) trust from which it received reimbursement for amounts
   it paid for bills for health-care services submitted by its employees.
   Plaintiff alleged that defendant improperly classified contribu-
   tions plaintiff made to the trust as "compensation" under the
   former Single Business Tax Act (SBTA), MCL 208.1 *et seq*. The
   court, Paula J. M. Manderfield, J., held that defendant correctly
   classified the payments as compensation and granted summary
   disposition in favor of defendant. Plaintiff appealed.

   The Court of Appeals *held*:

   Plaintiff's contributions to the VEBA trust in the tax years in
   question did not constitute compensation under the SBTA. MCL
   208.4(3) defined taxable "compensation" as including "payments
   made in the taxable year on behalf of or for the benefit of
   employees . . . ." Contributions to a VEBA trust created for the
   purpose of paying future health-care costs were not compensation
   taxable under the SBTA because the contributions only represent
   potential compensation to employees. In this context, compensa-
   tion equates with the payment of actual health-care costs incurred
   by plaintiff's employees, not the setting aside of money intended to
   serve as a source of proceeds for the payment of future health-care
   costs. While the VEBA assets may be held for the benefit of the
   employees, the employees receive no substantive benefit until
   plaintiff or the VEBA trust directly pays the costs for the employ-
   ees' health-care services. Defendant's method of determining that
   contributions to the VEBA trust were taxable compensation and
   then, to avoid double-taxation, offsetting that figure by the
   amounts that the VEBA trust reimbursed plaintiff for payments it
   made for health-care services rendered to employees was inconsis-
   tent with the statute. Nor were contributions to the VEBA trust

akin to the purchase of health insurance. Therefore, defendant improperly taxed the contributions as compensation under the SBTA.

Reversed and remanded.

Taxation — Single Business Tax Act — Compensation — Voluntary Employees' Beneficiary Association Trusts

Contributions by an employer to a voluntary employees' beneficiary association trust created for the purpose of receiving reimbursement for the payment of employees' future health-care costs did not constitute compensation to employees that was taxable under the former Single Business Tax Act (26 USC 501[c][9]; MCL 208.4[3]).

*Miller, Canfield, Paddock, and Stone, PLC* (by *Samuel J. McKim III, Joanne B. Faycurry,* and *Loren M. Opper*), for plaintiff.

*Michael A. Cox,* Attorney General, *B. Eric Restuccia,* Solicitor General, and *Bruce C. Johnson,* Assistant Attorney General, for defendant.

Before: Zahra, P.J., and Whitbeck and M. J. Kelly, JJ.

Zahra, P.J. This is a tax case arising under Michigan's repealed Single Business Tax Act (SBTA), MCL 208.1 *et seq.*[1] Defendant the Department of Treasury, conducted an audit of plaintiff Ford Motor Company, to determine the tax due under the SBTA for the years 1997 through 1999. Defendant assessed plaintiff a tax liability of $21,726,713 above the single business taxes already paid by plaintiff. Defendant determined that voluntary contributions made to an irrevocable trust created under a voluntary employees' beneficiary association (VEBA), 26 USC 501(c)(9), amounted to employee compensation that was taxable under the SBTA. Plaintiff

---

[1] The SBTA was repealed by 2006 PA 325.

paid the additional tax liability under protest and brought suit in the Court of Claims, arguing that contributions made to the VEBA trust were not compensation for purposes of the SBTA. The Court of Claims rejected plaintiff's claim and granted summary disposition to defendant. Plaintiff appeals as of right. We hold that contributions plaintiff made to the VEBA trust in the tax years in question did not constitute compensation under the SBTA. Therefore, these contributions were not subject to the single business tax. We reverse.

## I. BASIC FACTS AND PROCEEDINGS

The facts are not in dispute. Under the SBTA in effect during the tax years at issue, employee compensation paid by a business was taxable. MCL 208.9(1) and (5). The SBTA definition of "compensation" during the time at issue included "payments for insurance for which employees are the beneficiaries, including payments under health and welfare and noninsured benefit plans . . . ." MCL 208.4(3) as amended by 1995 PA 285.[2] Before the creation of the VEBA trust, plaintiff paid for health-care services rendered to employees as required by plaintiff's employee health-care plan. Both litigants treated the payments made for health-care services rendered on behalf of plaintiff's employees as compensation under the SBTA. On June 27, 1997, plaintiff established the VEBA trust and began to make voluntary, periodic contributions into it. Plaintiff made contributions to the VEBA trust in the following amounts: $1.59 billion (1997), $1.7 billion (1998), and $2.287 billion (1999). For the tax years at issue, employees

---

[2] The definition of "compensation" was revised by 1999 PA 115, effective July 14, 1999. However, the changes were minor and do not affect our analysis.

submitted bills for health-care services covered under the employee health-care plan to plaintiff, and plaintiff would pay the bills and receive reimbursement from the VEBA trust. When calculating its SBTA liability for those years, plaintiff included as compensation the payments it made for health-care services rendered to employees for which it later received reimbursement from the VEBA trust.

Defendant audited plaintiff and concluded that the contributions made into the VEBA trust during the years 1997 through 1999 were taxable compensation and should have been added to plaintiff's tax base and then "offset" by the amounts the VEBA trust reimbursed plaintiff for payments it made for health-care services rendered to employees. Plaintiff paid the additional tax liability under protest and brought suit in the Court of Claims. At the heart of plaintiff's complaint was the assertion that contributions made to the VEBA trust were not compensation for purposes of the SBTA. The Court of Claims rejected plaintiff's assertion. This appeal ensued.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Statutory interpretation is also reviewed de novo on appeal. *Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

## III. ANALYSIS

The Court of Claims incorrectly determined that the contributions plaintiff made to the VEBA trust were compensation under the SBTA.

The single business tax " 'is a business activity tax that was enacted "to provide for the imposition, levy, computation, collection, assessment and enforcement . . . of taxes on certain commercial, business, and financial activities . . . ." 1975 PA 228.' " *TMW Enterprises, Inc v Dep't of Treasury*, 285 Mich App 167, 173; 775 NW2d 342 (2009), quoting *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007). The SBTA imposes a value added tax. *TMW*, 285 Mich App at 173. A value added tax differs from an income tax because it is a tax on economic activity, whereas an income tax is a tax on what has been received from the economy. *Id.*, citing *ANR Pipeline Co v Dep't of Treasury*, 266 Mich App 190, 199; 699 NW2d 707 (2005). Before its repeal, any person engaged in business activity in Michigan was subject to the SBTA. MCL 208.31.

Compensation paid to employees was one of the many activities taxed under the SBTA. "Compensation" was defined under MCL 208.4(3), at the relevant time, as follows:

> Except as otherwise provided in this section, "compensation" means all wages, salaries, fees, bonuses, commissions, or other payments made in the taxable year on behalf of or for the benefit of employees, officers, or directors of the taxpayers and subject to or specifically exempt from withholding under chapter 24, sections 3401 to 3406 of the internal revenue code. Compensation includes, on a cash or accrual basis consistent with the taxpayer's method of accounting for federal income tax purposes, payments to state and federal unemployment compensation funds, payments under the federal insurance contribution act and similar social insurance programs, payments, including self-insurance, for worker's compensation insurance, payments to individuals not currently working, payments to dependents and heirs of individuals because of current or former labor services rendered by those individuals, pay-

ments to a pension, retirement, or profit sharing plan, and payments for insurance for which employees are the beneficiaries, including payments under health and welfare and noninsured benefit plans and payments of fees for the administration of health and welfare and noninsured benefit plans.[3]

The controlling question presented in this matter is whether contributions to the VEBA trust were "compensation" within this definition. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Booker v Shannon*, 285 Mich App 573, 575; 776 NW2d 411 (2009). " 'Statutory language should be construed reasonably, keeping in mind the purpose of the act.' " *Twentieth Century Fox Home Entertainment, Inc v Dep't of Treasury*, 270 Mich App 539, 544; 716 NW2d 598 (2006) (citations omitted). The first criterion in determining intent is the specific language of the statute. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005). "[E]very word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Priority Health v Office of Fin & Ins Servs Comm'r*, 284 Mich App 40, 43; 770 NW2d 457 (2009) (citations and quotation marks omitted).

For many reasons, we conclude that plaintiff's contributions to the VEBA trust were not "compensation" to employees taxable under the SBTA. Central to this conclusion is the premise that plaintiff's contributions to the VEBA trust represent only potential compensa-

---

[3] See footnote 2.

tion to its employees. Thus, the contributions cannot yet reasonably be considered compensation "for the benefit of employees." Defendant directs this Court to the language establishing the VEBA trust, which provides that the assets are held "for the benefit of the employees . . . ." However, this fact actually works against defendant's claim. While the VEBA assets may be held for the benefit of the employees, the employees receive no substantive benefit until plaintiff or the VEBA trust directly pays the costs for the employees' health-care services as required by plaintiff's employee health-care benefit plan. The only benefit plaintiff's employees receive from plaintiff's VEBA trust contributions is the peace of mind associated with knowing that plaintiff's contributions to the VEBA trust are earmarked to address future medical claims under the employee health-care benefit plan. However, this peace of mind does not fall within the statutory definition of "compensation" under the SBTA.

Moreover, there is no dispute that the monies paid into the VEBA trust did not secure any medical care and could be significantly depleted as a result of market forces. In such a case, plaintiff would still be required pursuant to its employee health-care benefit plan to pay for its employees' health-care costs. This scenario demonstrates that the VEBA trust merely serves as a savings fund implemented to facilitate the payment of plaintiff's employees' future health-care services. "Compensation" taxable under the SBTA was defined to include "payments made in the taxable year on behalf of or for the benefit of employees . . . ." MCL 208.4(3). In this context, "compensation" equates with the payment of actual health-care costs incurred by plaintiff's employees, not the setting aside of money intended to serve as a source of proceeds for the payment of future health-care costs.

.

This conclusion is further supported by the method defendant employed, as maintained at oral argument, to determine the "actual" and "real" tax. As mentioned, defendant determined that contributions made into the VEBA trust were taxable compensation under the SBTA and then "offset" the amounts the VEBA trust reimbursed plaintiff for payments it made for health-care services rendered to employees. However, nothing under the SBTA provided for subtraction from compensation of a payment made to an employer from any fund. Yet, the SBTA did specifically provide for other offsets. For instance, the SBTA expressly allowed for "offsets" of business losses. MCL 208.23b(h). In sharp contrast to this express provision allowing an offset of business losses, the SBTA's silence in regard to the offset of compensation that was taxed but never actually paid is notable. Defendant recognized that payments by plaintiff made directly for health-care services provided to employees pursuant to plaintiff's employee health-care benefit plan were compensation under the SBTA. Defendant further recognized that to include those payments in plaintiff's tax base would have resulted in double taxation. Thus, defendant invented this offset fiction to justify its continued stream of tax revenue based on VEBA trust contributions. Significantly, this method of taxation also reflects that defendant knew that some of the contributions to the VEBA trust were not to be used to pay for health benefits in the tax year in which they were paid. Such a tax policy is irreconcilably inconsistent with the express authority under the statute, which limited compensation subject to the single business tax to payments made on behalf of the employees in the tax year.

We also find significant that plaintiff's contributions to the VEBA trust exceeded the compensation required under the UAW-Ford Motor Company contract. Defen-

dant argues that the contributions to the VEBA trust are akin to purchasing health insurance, which eventually would be used by employees. Again, the payment of proceeds into the VEBA trust was not in any way tantamount to the purchase of health insurance. Significantly, payments into the VEBA trust were not required by a contractual obligation and were not paid in order to procure insurance to cover medical services due to employees under plaintiff's health-care benefit plan.

We conclude that defendant improperly taxed contributions to the VEBA trust as compensation under the SBTA. We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.