ORTHOPAEDIC ASSOCIATES OF GRAND RAPIDS, PC v
DEPARTMENT OF TREASURY

Docket No. 308319. Submitted February 7, 2013, at Lansing. Decided
February 19, 2013. Approved for publication April 11, 2013, at 9:10
a.m.

Orthopaedic Associates of Grand Rapids, PC, appealed in the Tax
Tribunal a final tax assessment that the Department of Treasury
issued after it audited petitioner's tax returns for the years 2003
through 2006. Respondent concluded that petitioner had erred by
treating the payments it had made for its physicians' continuing
medical education and medical malpractice insurance premiums as
ordinary business expenses rather than compensation under the
Single Business Tax Act (SBTA), MCL 208.1 *et seq.*, which has
since been repealed but was applicable during the tax years at
issue. The Tax Tribunal, Cynthia J. Knoll, J., reversed, canceled
the assessment, and denied respondent's motion for reconsidera-
tion. Respondent appealed.

The Court of Appeals *held*:

Petitioner's payments for its members' continuing medical
education and medical malpractice insurance premiums consti-
tuted compensation under the SBTA, which defined "compensa-
tion" as all wages, salaries, fees, bonuses, commissions, or other
payments made in the taxable year on behalf of or for the benefit
of employees, and specified that compensation included but was
not limited to payments that were subject to or specifically exempt
or excepted from withholding under 26 USC 3401 through 3406.

Reversed.

TAXATION — PROFESSIONAL CORPORATIONS — SINGLE BUSINESS TAX ACT —
COMPENSATION — PAYMENTS FOR EMPLOYEES' CONTINUING MEDICAL EDU-
CATION AND MEDICAL MALPRACTICE INSURANCE PREMIUMS.

Payments made by a medical professional corporation for the cost of
its members' continuing medical education and medical malprac-
tice insurance premiums constituted compensation under the now
repealed Single Business Tax Act, MCL 208.1 *et seq.*

*The Novis Law Firm, PLLC* (by *James H. Novis*), for petitioner.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Randi M. Merchant* and *Jack M. Panitch*, Assistant Attorneys General, for respondent.

Before: K. F. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM. Respondent appeals as of right a determination of the Michigan Tax Tribunal (MTT) that payments made by petitioner for continuing medical education (CME) expenses and for medical malpractice insurance (MMI) premiums did not constitute compensation under the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*[1] We reverse.

## I. BASIC FACTS

Petitioner is a Michigan domestic professional services corporation, incorporated pursuant to the Professional Service Corporation Act (PSCA), MCL 450.221 *et seq.*[2] Petitioner is engaged in a medical practice specializing in orthopedic medicine. All of its directors, officers, and shareholders are practicing physicians, and the medical practice operates through the work of these individual physicians and their support personnel. In 2003, petitioner paid salaries to the individual physicians, but in 2004 petitioner assigned its employment agreements to three different employee leasing compa-

---

[1] The SBTA was repealed by 2006 PA 325 and replaced, effective December 31, 2007, by the Michigan Business Tax Act, 2007 PA 36, MCL 208.1101 *et seq.*

[2] The PSCA was repealed by 2012 PA 569.

nies or professional employer organizations (PEOs). From 2004 through 2006, the PEOs paid the physicians' salaries. For all of the tax years at issue, petitioner paid MMI premiums and CME expenses for its physicians.

In April 2009, respondent audited petitioner's tax returns for the years 2003 through 2006 and concluded that petitioner failed to properly add back as compensation amounts paid for CME and MMI premiums. Respondent issued a final assessment for $29,167 in taxes plus $9,826.71 in interest. Petitioner appealed the assessment to the MTT.

At the hearing, Thomas Murphy, the certified public accountant who prepared petitioner's tax returns for the years at issue, testified that he treated petitioner's payment of CME expenses and MMI premiums as "ordinary business expenses," not "compensation." He asserted that the CME expenses and MMI premiums were a working condition fringe benefit under the Internal Revenue Code—specifically, 26 USC 3401(a)(19)—as an excludable benefit that was not subject to federal withholding and not considered compensation. Murphy explained that under the SBTA, compensation included, but was not limited to, payments that were subject to or specifically exempted from withholding under sections 3401 to 3406 of the Internal Revenue Code, 26 USC 1 *et seq.*, which included the provision he had referred to in describing how he classified the payments. Murphy testified that professional MMI is different from other professional insurance that covers, for example, a firm composed of certified public accountants. A medical malpractice insurer will only issue coverage to a doctor, individually. A medical professional corporation may then purchase a "rider" of insurance to cover its other employees and the corporation. Murphy acknowledged that CME is necessary for annual licensure.

In a written opinion, the MTT found for petitioner and canceled the assessment, ruling that the physicians and physician's assistants were not "employees" of petitioner and that the CME and MMI premiums paid by petitioner were "ordinary and necessary business expenses" that did not constitute compensation.

Respondent moved the MTT for reconsideration. After considering the motion, the MTT found that it had "partially erred in [its] analysis" but that "the error [did] not change the ultimate outcome of the case." The MTT reiterated that "[r]espondent's argument regarding whether the compensation would be appropriately added back to the compensation of the operating company or the PEO was properly excluded as the CME and MMI premiums were found to be business expenses and not compensation." The MTT stated that its "analysis would have been better articulated by making a finding that for *all tax years* that the CME and MMI premiums paid were ordinary and necessary business expenses and not compensation." The MTT denied respondent's motion and ordered that the original final opinion and judgment be corrected. Respondent now appeals as of right.

## II. STANDARD OF REVIEW

As a preliminary matter, we reject petitioner's contention that this is a case involving a simple factual determination by the MTT; rather, the case is clearly a matter of statutory interpretation. Thus, while our " 'review of Tax Tribunal decisions in nonproperty tax cases is limited to determining whether the decision is authorized by law and whether any factual findings are supported by competent, material, and substantial evidence on the whole record' . . . [i]ssues involving the interpretation and application of statutes are reviewed

de novo as questions of law." *Toaz v Dep't of Treasury*, 280 Mich App 457, 459; 760 NW2d 325 (2008), quoting *J C Penney Co, Inc v Dep't of Treasury*, 171 Mich App 30, 37; 429 NW2d 631 (1988); see also Const 1963, art 6, § 28.

"The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent. *Id*. While generally the interpretation of a statute by an agency charged with its execution is entitled to " 'the most respectful consideration,' " an agency's construction of a statute is not binding on the courts and cannot conflict with the Legislature's intent as expressed in clear statutory language. *In re Rovas Complaint Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008) quoting *Boyer-Campbell v Fry*, 271 Mich 282, 296; 260 NW 165 (1935) (citation and quotation marks omitted). To the extent petitioner argues that CME expenses and MMI premiums are exempt from being considered "compensation" within the meaning of the SBTA, tax exemptions are strictly construed in favor of the taxing authority. *Sietsema Farms Feeds, LLC v Dep't of Treasury*, 296 Mich App 232, 236; 818 NW2d 489 (2012).

The Legislature defined "compensation" in MCL 208.4(3). "When a statute specifically defines a given term, that definition alone controls." *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007).

### III. ANALYSIS

The SBTA imposed "a specific tax upon the adjusted tax base of every person with business activity in this

state that is allocated or apportioned to this state . . . ." MCL 208.31(1). "The SBTA requires generally that in calculating its Single Business Tax (SBT) tax base, a corporation include compensation paid." *Herald Whole-sale, Inc v Dep't of Treasury*, 262 Mich App 688, 696; 687 NW2d 172 (2004). Respondent argues that petitioner's payment of CME expenses and MMI premiums constituted "compensation" as defined in MCL 208.4(3), which provided, in relevant part:

Except as otherwise provided in subsection (4), "compensation" means all wages, salaries, fees, bonuses, commissions, or other payments made in the taxable year *on behalf of or for the benefit of employees*, officers, or directors of the taxpayers. Compensation includes, *but is not limited to*, payments that are subject to or specifically exempt or excepted from withholding under sections 3401 to 3406 of the internal revenue code[, 26 USC 3401 to 3406]. [Emphasis added.]

Petitioner argues that its payment of CME expenses and MMI premiums was for its own benefit, not that of its employees. Petitioner contracts with large health care delivery organizations that require petitioner to provide licensed and insured physicians and physician's assistants. Accordingly, petitioner argues that payment of CME and MMI was necessary to operate its business. Petitioner maintains that such payments only residually benefited the employees.

The PSCA prohibited a professional corporation, such as petitioner, from "render[ing] professional services within this state except through its officers, employees, and agents who are duly licensed or otherwise legally authorized to render the professional services within this state." MCL 450.225. The Public Health Code, MCL 333.1101 *et seq.*, requires all practicing physicians to be licensed. MCL 333.17011(1). The Michigan Administrative Code requires 150 hours of

CME as a prerequisite for license renewal or relicensure. Mich Admin Code, R 338.2371. Thus, physicians are legally obligated to attend CME classes in order to remain licensed. Additionally, petitioner's own expert testified that MMI is issued only to individual physicians. Thus, regardless of whether petitioner benefited from paying for CME and MMI, those payments benefited the physicians, who would have otherwise had to pay their own CME for continued licensure and MMI to reduce their exposure to liability and potential personal financial ruin.

Moreover, the Supreme Court has held that the provision "including but not limited to" is not one of limitation. *In re Forfeiture of $5,264*, 432 Mich 242, 255; 439 NW2d 246 (1989). "Rather . . . the phrase connotes an illustrative listing, one purposefully capable of enlargement." *Id*. There is no language in MCL 208.4(3) to support the proposition that payments made must be primarily, substantially, or totally "on behalf of or for the benefit of" petitioner's employees in order to constitute compensation.

Petitioner relies on *Ford Motor Co v Dep't of Treasury*, 288 Mich App 491; 794 NW2d 357 (2010), in which a panel of this Court had occasion to interpret MCL 208.4(3). In that case, the plaintiff had made contributions to "an irrevocable trust created under a voluntary employees' beneficiary association (VEBA), 26 USC 501(c)(9)," exceeding those required by the applicable union contract. *Id*. at 492, 498. Individual "employees submitted bills for health-care services covered under the employee health-care plan to plaintiff, and plaintiff would pay the bills and receive reimbursement from the VEBA trust." *Id*. at 493-494. After conducting an audit, the defendant "concluded that the contributions made into the VEBA trust . . . were taxable compensation and

should have been added to plaintiff's tax base and then 'offset' by the amounts ... reimbursed [to] plaintiff . . . ." *Id.* at 494. The plaintiff disputed the assessment in the Court of Claims, which granted summary disposition in favor of the defendant. *Id.* at 492-493. This Court reversed, holding that the contributions made by the plaintiff to the VEBA did not constitute compensation under the SBTA. *Id.* at 493.

The facts in *Ford Motor Co* are distinguishable from those at bar. In *Ford Motor Co*, the VEBA trust essentially operated as a savings fund for the plaintiff. The plaintiff reimbursed itself with VEBA funds after paying contractually obligated health-care benefits to its employees. Here, petitioner directly paid CME expenses and MMI premiums for its employees. In *Ford Motor Co*, although plaintiff's contributions to the VEBA trust were not compensation under the SBTA, its payment of employee health-care benefits undisputedly constituted compensation. Unlike in *Ford Motor Co*, petitioner's payment of CME expenses and MMI premiums was not merely *potential* compensation of its employees; rather, they were made in the taxable year for the benefit of individual employees. Contrary to petitioner's contention, *Ford Motor Co* never held that payments with "indirect" or "residual" benefit to its employees are not compensation.

Because petitioner's payment of CME expenses and MMI premiums was on behalf of and for the benefit of the physicians and physician's assistants in its employ, those payments constituted compensation for purposes of petitioner's SBT tax base calculation.

Reversed and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction.

K. F. KELLY, P.J., and MARKEY and FORT HOOD, JJ., concurred.