MarkmAN, J.
(concurring in part and dissenting in part). I concur with the majority’s analysis of the law in Part III of the opinion. However, I write separately because I do not believe the majority properly applies its own test in concluding that plaintiffs August 25, 2006 letter to the Department of Treasury satisfied the statutory requirements of MCL 205.30. Specifically, I disagree with its conclusion that, by virtue of this letter, “plaintiff made a ‘claim’ or ‘petition’ [for a tax refund] by informing the Treasury that it intended to file suit in the Court of Claims pursuant to the procedures delineated in MCL 205.22.” Therefore, I respectfully dissent from that portion of the opinion. I would instead affirm the result of the Court of Appeals and hold that plaintiff did not satisfy the requirements of MCL 205.30 until it actually filed its complaint in the Court of Claims on December 13, 2006.
The instant appeal stems from an earlier dispute regarding whether plaintiff Ford Motor Company owed tax under the Single Business Tax Act (SBT) relating to its contributions to its Voluntary Employees’ Beneficiary Association (VEBA) trust fund for the tax years 1997 through 2001. After auditing plaintiff, the Department of Treasury concluded that VEBA contributions were taxable and assessed taxes accordingly. Although plaintiff repeatedly disagreed with the department’s conclusion that VEBA contributions were taxable, and therefore disagreed with the amount that the audit determined it owed, plaintiff eventually paid the *404 amount assessed by the department “under protest” with funds that were at that time being held on deposit by the department. Plaintiff subsequently challenged the taxability of VEBA contributions, and the Court of Appeals ultimately held that these were not taxable under the SBT, meaning that plaintiff was due a refund. Ford Motor Co v Dep’t of Treasury, 288 Mich App 491; 794 NW2d 357 (2010), lv den 488 Mich 1026 (2011). The issue for purposes of this appeal concerns the proper amount of this refund, as the parties disagree about the date on which plaintiff filed its claim for a refund and thus triggered interest on the refund under MCL 205.30.
MCL 205.30 provides:
(1) The department shall credit or refund... taxes .. . erroneously assessed and collected . .. with interest....
(2) A taxpayer who paid a tax that the taxpayer claims is not due may petition the department for refund of the amount paid within the time period specified as the statute of limitations in [MCL 205.27a]. If a tax return reflects an overpayment... the declaration of that fact on the return constitutes a claim for refund. If the department agrees the claim is valid, the amount of overpayment, penalties, and interest shall be first applied to any known liability as provided in [MCL 205.30a] and the excess, if any, shall be refunded to the taxpayer or credited, at the taxpayer’s request, against any current or subsequent tax liability.. ..
(3) The department shall certify a refund to the state disbursing authority who shall pay the amount out of the proceeds of the tax in accordance with the accounting laws of the state. Interest.. . shall be added to the refund commencing 45 days after the claim is filed or 45 days after the date established by law for the filing of the return, whichever is later. Interest on refunds intercepted and applied as provided in [MCL 205.30a] shall cease as of the date of interception .... [Emphasis added.]
The majority appropriately concludes that, in order to *405 trigger the accrual of overpayment interest under this statute, a taxpayer must: “(1) “pay” the disputed tax, (2) make a “claim” or “petition” for a refund, and (3) “file” the claim or petition.”[1]
To satisfy the second requirement of this test, the majority concludes that plaintiff made a “claim or petition” for a refund in an August 25, 2006 letter sent to the department. That letter informed the department that plaintiff no longer wished to proceed with an informal conference that had previously been scheduled, that it would file an action in the Court of Claims asserting that VEBA contributions were not taxable, and that plaintiff was paying the assessed tax on its VEBA contributions “under protest within the meaning of MCL 205.22.”[2] However, this letter cannot be best understood as constituting a “claim or petition” for a refund for purposes of MCL 205.30, quite simply because it nowhere “claims or petitions” any right to a refund. That is, while the letter did request that the audit deficiency be satisfied with funds held “on deposit,” and that this be viewed as a “payment under protest,” plaintiff (a) nowhere asked for its money back; *406 (b) nowhere made any apparent demand that the department return funds that rightfully belonged to plaintiff; (c) nowhere asserted that it believed it was entitled to a refund; and (d) nowhere even alluded to, or referred to, a refund. While the letter may well imply that plaintiff intended to seek a refund — as it might logically follow that any taxpayer who “pays under protest” desires the return of his or her payments — by the majority’s own language, a mere “implication” does not satisfy the requirement that the taxpayer “claim or petition” for a refund. Ante at 398 (“Although expressing disagreement with a tax assessment may imply that the taxpayer may seek a refund, an expression of disagreement alone is not a demand for, request for, or assertion of a right to a refund.”). The requirements set forth in MCL 205.30 are not complicated; a taxpayer either makes the “claim or petition” for a refund, or it does not. It is not up to the department to attempt to read the taxpayer’s mind, or to parse the taxpayer’s language and actions with a fine comb, or to assess the totality of surrounding circumstances in order to surmise what was within the taxpayer’s contemplation. If there is a “claim or petition” (a “demand, request, or assertion”) for a refund, the taxpayer has satisfied the statute; if there is not, the taxpayer has not. The law could not be more clear or more straightforward. Given plaintiff’s failure in any way to make a “claim or petition” for a refund in its August 25, 2006 letter, I find the conclusion inescapable that it did not satisfy the second requirement of the statute on that date.
To support its contrary conclusion, the majority relies on plaintiffs invocation of MCL 205.22 in its letter. This provision specifies that, “[i]n an appeal to the court of claims, the appellant shall first pay the tax, *407 including any applicable penalties and interest, under protest and claim a refund as part of the appeal.” [Emphasis added.] According to the majority, because MCL 205.22 itself requires a claim for a refund, plaintiffs reference to this statute satisfied the “claim or petition” requirement of MCL 205.30, as such reference “affirmatively notif[ied] the Treasury that plaintiff was making what MCL 205.22 itself terms a ‘claim’ for refund.” However, even if a taxpayer could affirmatively assert a “claim or petition” for a refund by referring to another statute, plaintiff did not do so by making a “payment under protest” while invoking MCL 205.22. This is because MCL 205.22 clearly differentiates between a payment under protest and a claim for a refund. That is, the taxpayer must first “pay the tax . .. under protest,” and then, secondly, “claim a refund as part of the appeal.” MCL 205.22(2). By concluding that the August 25, 2006 letter constituted a claim for a refund on the basis of the invocation of MCL 205.22, the majority conflates these two distinct statutory requirements. If plaintiffs payment under protest itself constituted the claim for a refund for purposes of MCL 205.30, the second requirement of MCL 205.22 — that there be a “claim [of] a refund” — would be rendered utterly meaningless in contravention of the rule that “ [i]n interpreting a statute, we [must] avoid a construction that would render part of the statute surplusage or nugatory.” People v McGrow, 484 Mich 120, 126; 771 NW2d 655 (2009). The majority also fails to recognize that because MCL 205.22(2) states that a claim must be made “as part of the appeal” following the payment under protest, when plaintiff stated that it was paying “under protest within the meaning of MCL 205.22,” the department had every reason based on the language of the statute to believe that the August 25, 2006 letter was not a claim for a refund, but that the claim would *408 be forthcoming as part of the appeal.[3] In short, the majority treats plaintiff as if it had made a “claim or petition” for a refund in its August 25, 2006 letter, when it did not actually do so, based exclusively on plaintiffs invocation of a statute that itself logically suggests that plaintiff had yet to make such a “claim or petition.”[4]
By concluding that the August 25, 2006 letter constituted a “claim or petition” for a refund for purposes of MCL 205.30, the majority injects unnecessary uncertainty into its own test by suggesting to future taxpayers that they need not make an actual “claim or petition” for a refund to trigger the accrual of interest under MCL 205.30, but that some uncertain aggregation of other statements and actions might suffice if they come “close enough” to constituting a “claim or *409 petition.” After all, if plaintiffs failure to actually “claim or petition” is to be disregarded, its actions effectively will establish a new threshold for satisfying MCL 205.30, and it will not be at all surprising when the next taxpayer’s actions which approximate, but fall slightly short of actual compliance with this new threshold, are also viewed as being “close enough” to satisfy MCL 205.30.
Because I agree with the majority’s analysis that in order to trigger the accrual of interest for purposes of MCL 205.30 a taxpayer must “make a “claim” or “petition” for a refund,” I concur in Part III of the majority opinion; however, because I disagree with the majority that plaintiff made such a “claim or petition” in its August 25, 2006 letter, I dissent from that portion of Part IV of the majority opinion. I would instead hold that plaintiff satisfied the requirements of MCL 205.30 when it filed its complaint, which included a claim for a refund, in the Court of Claims on December 13,2006. In that document, plaintiff asked the court to “order a refund in excess of $12,323,625 for the Single Business Taxes paid under protest by Ford. . . .” Accord NSK Corp v Dep’t of Treasury, 481 Mich 884 (2008) (taxpayer made a claim for a refund for purposes of MCL 205.30, not when department knew that taxpayer was entitled to a refund, but only when taxpayer made an affirmative request for such refund). Therefore, I would affirm the result of the Court of Appeals for the reasons stated in Part III of the majority opinion and in this dissent.
Young, C.J., and Viviano, J., concurred with Mark-man, J.

 The majority, not unreasonably, relies on dictionary definitions to conclude that to make a “claim” or “petition” for a refund, a taxpayer must “demand, request, or assert” such a right. While I do not quarrel with these definitions, as I agree it is useful in the course of interpretation to examine the ordinary meanings of terms used in a statute, I believe that the words actually chosen by the Legislature — “claim” and “petition” — are sufficiently clear to render unnecessary repeated references to their synonyms.

 Specifically, the letter stated “[i]t is our intent to withdraw our case from Informal Conference and file an action with the Court of Claims on the unresolved issues. Therefore, we are requesting that the audit deficiency, together with the applicable interest, he satisfied with the amounts currently being held by the Department ‘on deposit.’ The application of the amounts on deposit to the audit deficiencies should be viewed as a payment under protest within the meaning of MCL 205.22.”

 Because the August 25, 2006 letter did not itself claim or petition for a refund, hut indicated only that plaintiff intended prospectively to file a lawsuit to pursue unresolved issues, the majority holds that the department should have acted not on an extant “claim or petition” for a refund, but on a mere intimation of what plaintiff later intended to do.

 We agree with the majority that a taxpayer may pay the disputed tax “under protest” and make a “claim or petition” for a refund in a “single action.” Consistent with the majority’s conclusion that the claim for a refund need not take any specific form, nothing precluded plaintiff from making a claim for a refund in the August 25, 2006 letter, in addition to its invocation of MCL 205.22. Indeed, plaintiff could without difficulty have made a “claim or petition” for a refund in the very same sentence as its payment under protest by including some type of a “demand, request, or assertion” of a right to a refund. Nothing in the statute prohibits such a “dual purpose” letter. However, given the absence of such a “claim or petition” in the letter, the department did not act unreasonably in its assumption that, consistent with MCL 205.22, plaintiffs claim would be forthcoming. Consequently, our conclusion that plaintiffs August 25, 2006 letter did not itself constitute a “claim or petition” for a refund does not “require a taxpayer to use the magic words ‘refund’ and ‘claim’ or ‘petition’ in order to satisfy MCL 205.30,” but only requires a taxpayer to make some form of the very “petition or claim” (“demand, request, or assertion”) required by the majority itself. No “magic words” are necessary, but a communication of the type described by the statute is necessary.