# STATE OF MICHIGAN

# COURT OF APPEALS

PACKAGING CORP OF AMERICA,

        Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellant.

UNPUBLISHED
December 16, 2014

No. 317708
Court of Claims
LC No. 12-000088-MT

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant, the Department of Treasury, appeals as of right the trial court order granting summary disposition in favor of plaintiff, Packaging Corporation of America. Defendant contends that summary disposition is improper because plaintiff failed to file timely statements of personal property within the statutory deadline. We reverse.

## I. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

We review *de novo* a trial court's order granting a motion for summary disposition. *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). "Issues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

### B. ANALYSIS

The primary goal of statutory interpretation "is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011). When the language is clear and unambiguous, "no further judicial construction is required or permitted, and the statute must be enforced as written." *Pohutski v City of Allen Park*, 465 Mich. 675, 683; 641 NW2d 219 (2002) (quotation marks and citation omitted). A statutory provision must be read in the context of the entire act, and "every word or phrase of a statute should be accorded its plain and ordinary meaning." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). "It is a well-established rule of statutory

-1-

construction that this Court will not read words into a statute." *Byker v Mannes*, 465 Mich. 637, 646-647; 641 NW2d 210 (2002).

At issue in this case is whether plaintiff timely filed its statements of personal property for 2006 and 2007. The former MCL 208.35d(3) and MCL 208.35f(3) provided that "[t]o qualify for the credits under this section for an item of tangible personal property, a person that is otherwise eligible to claim the credit allowed under this section shall file within the time required the statement of personal property described in section 19 of the general property tax act, 1893 PA 206, MCL 211.19, for items of tangible personal property. . . ." MCL 211.19(2), in turn, provided:

> The supervisor or other assessing officer shall require any person whom he or she believes has personal property in their possession to make a statement of all the personal property of that person whether owned by that person or held for the use of another. The statement shall be completed and delivered to the supervisor or assessor on or before February 20 of each year.

Thus, MCL 208.35d(3) and MCL 208.35f(3) direct plaintiff to file the "statement of personal property described" in MCL 211.19 "within the time required." Plaintiff contends that MCL 208.35d(3) and MCL 208.35f(3) do not incorporate the filing deadline of MCL 211.19, but merely refer to MCL 211.19 to clarify what is meant by a "statement of personal property." However, this argument overlooks the phrase "within *the* time required." MCL 208.35d(3); MCL 208.35f(3); (emphasis added). As the Michigan Supreme Court has explained: " 'The' and 'a' have different meanings. 'The' is defined as 'definite article' " and is " 'used, especially before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an). . . .' " *Robinson v City of Lansing*, 486 Mich 1, 14; 782 NW2d 171 (2010) (citation and brackets omitted). Therefore, "the" refers to a specific or particular time frame, which the Legislature identified in MCR 211.19.

Furthermore, MCL 211.19(2) states that the statement "*shall* be completed and delivered to the supervisor or assessor on or before February 20 of each year." (Emphasis added). The word 'shall' is used to designate a mandatory provision. *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013). The statute plainly mandates that the statement must be completed and delivered on or before February 20. The Legislature did not include discretionary language permitting the assessor to grant a deadline extension. Plaintiff had to complete *and* deliver the statements by the February 20th deadline, which plaintiff failed to do.

Nevertheless, plaintiff contends that the doctrine of estoppel should apply to prevent defendant from invalidating the extensions. Plaintiff contends that by virtue of the purported extensions, it was led to believe that the late filing was permissible. Estoppel applies when "(1) the party by representation, admissions, or silence intentionally or negligently induces another party to believe certain facts, (2) the other party justifiably relies and acts on this belief, and (3) the other party will be prejudiced if the first party is permitted to deny the existence of those alleged facts." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 445-446; 761 NW2d 846 (2008).

Even assuming the doctrine of estoppel applies in this case, plaintiff is not entitled to relief because it failed to comply with the extended deadlines. At the time of the tax years in this case, MCL 211.19(2) provided that the personal property statement shall be "completed *and delivered*" to the assessor by the deadline. The word "deliver" is not defined in the statute, but is understood as " 'to carry and turn over . . . to the intended recipient or recipients,' " *Uniloy Milacron USA Inc v Dep't of Treasury*, 296 Mich App 93, 98-99; 815 NW2d 811 (2012), quoting *Random House Webster's College Dictionary* (2001).

In the instant case, plaintiff only postmarked the statements by the extended deadline. The statements were not delivered by the time of the extended deadline. If the Legislature had intended for postmarking to be the triggering event, it could have used that particular word in the statute. See *Byker*, 465 Mich at 646-647 (Michigan courts "will not read words into a statute.").[1] Accordingly, plaintiff is not entitled to relief under the doctrine of estoppel.

## II. CONCLUSION

Because plaintiff did not comply with the statutory language or even the extended deadline, the trial court erred in granting summary disposition in favor of plaintiff.[2] We reverse. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[1] There are several provisions in the Michigan Compiled Laws that specifically use the word "postmark." For example, MCL 211.44b provides that,"[f]or purposes of determining the date payment of the tax is received . . . the date of a United States postal service *postmark* may be considered the date of receipt." (Emphasis added). Under MCL 205.735a(7), for tax assessment disputes, a petition is considered timely filed when it is "postmarked" MCL 205.735a(7)(a), or when it is "delivered" in person or by a delivery service, MCL 205.735a(7)(b), (c).

[2] Because we agree with defendant's argument regarding summary disposition, we decline to address the issue of interest, as it is now moot.

-3-